998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy WILLIAMS, Jr., a/k/a Kenneth Williams, Defendant-Appellant.
 No. 92-5017.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 8, 1993.
Decided: July 2, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-90-157-HM)
 Kathryn Rose Frey, Federal Public Defender's Office, Baltimore, Maryland, for Appellant.
 Robert Mason Thomas, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Fred Warren Bennett, Federal Public Defender, Anthony R. Gallagher, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 DISMISSED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Leroy Williams appeals his fifteen-year sentence for being a felon in possession of a firearm. Williams asserts that the district court could and should have departed downward from the statutory minimum prescribed in 18 U.S.C. § 924(e). Because the statutory minimum sentence controls, we dismiss the appeal.
 
 I.
 
 2
 Leroy Williams was convicted of being a felon in possession of a firearm. He had three prior convictions of violent felonies, and the United States argued that he should be considered an armed career criminal under 18 U.S.C. § 924(e). The district court, however, merged Williams' second and third convictions because they had been consolidated for sentencing in state court, though the crimes underlying the convictions had happened on different occasions. Williams was sentenced to 37 months.
 
 
 3
 The United States appealed. We vacated the sentence and remanded for resentencing under the armed career criminal statute. United States v. Williams, No. 90-5917 (4th Cir., Oct. 16, 1991). On remand, the district court sentenced Williams to the statutory minimum of fifteen years. The court rejected Williams' request for a downward departure. The court stated that it had no authority to depart.
 
 
 4
 Williams appeals.
 
 II.
 
 5
 We have no jurisdiction to disturb Williams' sentence and must dismiss this appeal. Under 18 U.S.C. § 924(e), a person convicted of possessing a firearm who has three prior violent felony convictions "shall" be sentenced to "not less than fifteen years ... and such person shall not be eligible for parole." The only way around the mandatory minimum is a substantial assistance departure under 18 U.S.C. § 3553(e). United States v. Blackwood, 913 F.2d 139, 144 n.3 (4th Cir. 1990); see also, United States v. Crittendon, 883 F.2d 326, 330331 (4th Cir. 1989) (court has no power to review reasonableness of congressional decision to mandate fifteen-year sentence under § 924(e)(1)).
 
 
 6
 This court has jurisdiction over denials of downward departures only if the district court mistakenly believed that it lacked the authority to depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). The district court made no such mistake.
 
 
 7
 We dismiss the appeal for lack of jurisdiction.
 
 DISMISSED